JAMES W. BONE, plaintiff in error, vs. H. L. GRAVES, executor, defendant in error.

Where a motion for a continuance was made, upon the ground, of the impression and belief of the defendant, that no cases under the Relief Act would be tried, on account of the general announcement of the Judge to that effect during the riding, and the case, in the opinion of the Court, did not fall within the provisions of such general announcement:

Held, It was not error in the Court to overrule the motion.

Where, on the trial of an issue joined to ascertain whether the note sued was given for the purchase-money of land, which was found affirmatively, and the motion for new trial set up the right of defense to the party under the equities arising from tender and losses under the Relief Act of 1868 and 1870:

Held, That the finding of the jury on the issue stated, placed the case without the Act of October 13, 1870, and the equities under the Act of 1868 must have been in some manner occasioned by the act of the plaintiff, which does not appear; and, under all the facts taken in the motion in the Court below, we affirm the judgment in overruling the same.

Continuance. Relief Acts. Before Judge HARRELL. Randolph Superior Court. February, 1871.

Bone *vs.* Graves.

In 1867 Graves, as executor, sued Bone on his note for $600 00, made in January, 1860, due 25th of December, 1860. He pleaded, that he had lost largely by the result of the war; had tendered Graves the amount due on the note in 1863; and prayed an adjustment of the " equities between the parties," under the Relief Act of 1868. The cause came up for trial in February, 1871, in Bone's absence. His counsel moved to continue, because the Judge had announced that he would try no cause affected by the Relief Act of 13th of October, 1870, and because, if Bone were present, he would prove the truth of said pleas.

Plaintiff stated that he would show that said note was given for land, of which Bone was in possession when this suit was begun. Thereupon, the Court refused the continuance. Plaintiff read his note, showed it was given for land, of which Bone was in possession when suit was begun, and had since sold it for over $600 00.

There was some evidence under said plea of an offer to pay during the war, but the Court told the jury to disregard it and give plaintiff a judgment for the amount due on the note. This was done. The same day Bone arrived and moved for a new trial, upon the grounds, that the Court erred in refusing the continuance, and in instructing the jury as aforesaid. The Court refused a new trial, and that is assigned as error.

H. FIELDER, for plaintiff in error, cited: 40 Ga. R., 501.

C. B. WOOTEN, for defendant.

LOCHRANE, Chief Justice.

It appears, from the record in this case, that suit was instituted against James W. Bone, upon a promissory note, made the 10th January, 1860, to the May Term of Randolph Superior Court, 1867. At the November Term thereafter, defendant pleaded losses by the war and tender of the money

in 1863. At the November Term, 1870, when the case was called, counsel for defendant moved to continue the same on account of the general announcement of the Court, during the riding, that he would not take up cases affected by the Relief Laws, in reference to the payment of taxes, and upon the ground of the absence of his client, whom he alleged to be a material witness to support the pleas previously filed, and whose absence was owing to his impression that this and similar cases would not be tried. The counsel for the plaintiff stating that he expected to show the note sued on was given for the purchase-money of land, of which defendant was in possession at the commencement of the suit, the Court overruled the application for a continuance, and this is the first ground of error alleged. The case proceeded to the jury upon evidence submitted in the case, and who found for the plaintiff the full amount, of principal and interest, due upon the note. The record discloses that, on the same day, the defendant arrived at Court and submitted to the Court a motion for a new trial, upon several grounds, which will be briefly noticed in the adjudication of this case.

We do not think the Court erred in refusing the motion for a continuance. The certificate of the presiding Judge, which presents the truth of this case as a part of the record, shows that the announcement in relation to the trial of cases did not apply to the case before the Court, but only to such cases as were affected by the Act of 13th October, 1870; and a debt contracted for land and suit instituted thereon, while defendant was in possession, did not fall within the provisions of the Act. We are indisposed to favor the continuance of cases in the Court upon alleged misapprehensions, arising out of general announcements, touching the disposition of the business in Courts. Parties who have cases should attend to them, and not trust to impressions of what the Court may or may not do in general cases. And, while we do not doubt the good faith of the parties, it did not constitute a good ground for a continuance; nor, under the facts in this

case, do we regard it in the nature of a counter-showing for the plaintiff's counsel to have stated that this note was given for the purchase of land. And we, therefore, affirm the Court in its judgment overruling the motion for a new trial upon that ground.

Upon the trial of the issue, the evidence submitted to the jury showed that this note was given for the purchase-money, and the question arises, under the law, whether the Court erred in its charge to the jury, under the facts in this case. Under the Relief Act of 1870, section 15, it is expressly provided that nothing in the foregoing section of the bill should be construed to extend the relief contemplated therein to any defendant, who was in possession of the property purchased at the time of the commencement of the suit. And the equities arising from losses created by the war, under the Relief Act of 1868, have been adjudicated by this Court to embrace only such losses as were occasioned in some manner by the act of the plaintiff. And, inasmuch as a tender in 1863 is not alleged to have been in the lawful money of the United States, and may be properly regarded as a tender of Confederate money, it was not within the rule of this Court, in 40th Georgia, 501, as, in that case, the money borrowed was Confederate money, and the equities growing out of a tender of the same currency was not, within the contemplation of the law, capable of assimilation.

In the view which we entertain of the Relief Act of 1868, we do not consider the Legislature constitutionally competent to create an equity, but only to provide a remedy for an equity existing between the parties at the time of the trial, and which, this Court held must be attributable, if it consisted in losses during the war, to some act of the plaintiff which tended to such a consequence.

Again, in the case at bar, upon the issue found by the jury, applicable to cases where the defendant was in the possession of lands at the commencement of the suit instituted upon the contract, entered into for the purchase-money, we

think there was no error in the Court in refusing to grant a new trial, or in his charge to the jury, under the facts disclosed by this record.

Judgment affirmed.